## CIRCUIT COURT OF WISE COUNTY

Commonwealth of Virginia,
Department of Social Services,
Division of Child Support
Enforcement Programs

v.

Talmadge Wilson, Jr.

October 23, 1990

Case No. L89-281

By JUDGE J. ROBERT STUMP

This is a Juvenile and Domestic Relations appeal involving chid and spousal support issues. After *ore tenus* evidence and argument on October 9, 1990, the court took under advisement the following legal issue. Does a wife waive her right to spousal support if a written separation agreement does not address that issue? This court says, "NO."

The preamble to the separation agreement says, "the parties are *desirous* of entering into a property settlement agreement for the purpose of fixing their personal and property rights and effecting a full and final settlement between them as to all matters now existing by reason of their marriage heretofore solemnized." (Emphasis mine.) Thereafter there are seventeen paragraphs wherein various property rights, etc., are agreed upon. However, *nothing* is stated in the agreement paragraphs concerning spousal support; there is no waiver by either spouse. The parties may have "desired" to settle spousal support rights, but there is no agreement to this effect in the written contract.

Although the separation agreement was executed by the parties on March 9, 1989 (in which it was agreed to

be submitted to the court for approval), no divorce action has been filed at this time. So the parties continue to be married.

Pursuant to § 20-109, the court shall not enter an order contrary to the written terms of the separation agreement. But here there are no agreements as to spousal support. Therefore, the court does not violate § 20-109 by providing spousal support.

It is true that the parties were only married approximately six months before separation, and the court must consider the duration of the marriage as a factor in awarding temporary or permanent spousal support. But the parties remain married today; there is no pending divorce action; and the Wise County Juvenile and Domestic Relations Court awarded the wife spousal support by order dated August 1, 1989.

Since the separation agreement between the husband and wife does not mention spousal support whatsoever, there can be no agreement on this subject. Therefore, the court finds that the wife cannot waive her right to spousal support if the separation agreement does not address this issue.

Wherefore, the court awards the past spousal support to the wife. Therefore, the court orders that the defendant-husband pay to his wife, as arrearage spousal support the sum of $2,185.00 (based on husband's evidence). Further, defendant shall reimburse the Commonwealth of Virginia, Division of Child Enforcement, as child support arrears, the sum of $300.00.